UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 07-81069-CIV-MIDDLEBROOKS/JOHNSON

ANTHONY FALZARANO,

  Plaintiff,
v.

RETAIL BRAND ALLIANCE, INC.
d/b/a BROOKS BROTHERS,

  Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses (DE 13). The Court has reviewed the Motion and the file in this case.

**Background**

Plaintiff filed this suit against Defendant, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and § 760.10, Florida Statutes. Specifically, Plaintiff alleges that Defendant's conduct towards him constitutes religious discrimination and retaliation.

In the instant motion, Plaintiff moves to strike three affirmative defenses. They are:

a. Plaintiff's claim fails to state claims for which relief may be granted and therefore be dismissed to the extent that it fails to allege each and every element of the cause of action Plaintiff attempts to raise.

b. Plaintiff's claims may be barred, in whole or in part, by the failure to satisfy the conditions precedent to bringing suit.

c. Some or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

Plaintiff argues that these affirmative defenses fail to assert a short and plain statement of

1

the facts sufficient to alert Plaintiff as to the basis for the defenses. Plaintiff also argues that failing to plead these affirmative defenses at the initial pleadings stage would prejudice Plaintiff.

**Legal Analysis**

Rule 12(f) of the Federal Rules of Civil Procedure permits a party to move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are generally disfavored by courts and are considered a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962)[1] (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821 (6th Cir. 1953)). Such motions "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Id.* However, to constitute an affirmative defense, a defendant must allege some additional facts beyond merely pointing out defects or lack of evidence in the plaintiff's case. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Further, "an affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).

The first affirmative defense at issue, "Plaintiff's claim fails to state claims for which relief may be granted and therefore be dismissed to the extent that it fails to allege each and every element of the cause of action Plaintiff attempts to raise," is insufficient, as it does no more than recite the standard for dismissal under Rule 12(b)(6). The Court grants Plaintiff's motion, but will

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

grant Defendant leave to replead with greater specificity.

The next affirmative defense at issue is, "Plaintiff's claims may be barred, in whole or in part, by the failure to satisfy the conditions precedent to bringing suit." This defense is stricken, as it is a conclusory allegation that Plaintiff failed to comply with conditions precedent. Rule 9(c) of the Federal Rules of Civil Procedure requires that this allegation be denied with particularity. Defendant is granted leave to replead with greater specificity.

Finally, Plaintiff contests the sufficiency of a third affirmative defense, that "[s]ome or all of Plaintiff's claims may be barred by the applicable statute of limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands." This defense is stricken, as it sets forth no facts and is insufficiently plead. Defendant is granted leave to replead with greater specificity.

Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses (DE 13) is GRANTED. Defendant is granted leave to amend its Affirmative Defenses ¶¶ 68, 69, and 70 of the Answer. Such amendments shall be filed **within ten (10) days of the date of entry of this Order**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 28 day of March, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record